## JESSIE McCONKEY
## v.
## DREW BARNES.

*Contracts of Marriage—Breach—Infancy.*

1. An infant is not liable on his executory contract to marry.

2. The statute of this State, setting forth that a male infant over seventeen years of age, and a female infant over fourteen years of age may marry, means only that an executed contract of marriage between such persons shall be valid. It does not mean that an executory contract shall impose liability.

[Opinion filed December 3, 1891.]

In ERROR to the Circuit Court of DeWitt County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. LEMON & MONSON, for plaintiff in error.

Messrs. FULLER & INGHAM, for defendant in error.

WALL, P. J. This was assumpsit upon an alleged promise to marry, brought by plaintiff in error against defendant in error.

The defendant pleaded specially that at the time of making the supposed promises in the declaration mentioned, he "was and still is an infant within the age of twenty-one years, to wit, of the age of nineteen years." To this plea a demurrer was interposed by the plaintiff. The court overruled the demurrer and gave judgment against the plaintiff for costs.

The question presented is whether an infant is liable on his executory contract to marry.

It was correctly answered in the negative by the Circuit Court. 2 Kent Com. *243; 1 Parsons on Contracts, 544, 3d Ed.; Bishop on Contracts, 925; Holt v. Ward, 2 Strange, 937; Hunt v. Peak, 5 Cowen, 475; Willard v. Stone, 7 Cowen, 22; Hamilton v. Lomax, 26 Barb. 616.

Counsel for plaintiff urge that our statute settles the point otherwise, in that it provides that "male persons over the age of seventeen years and females over the age of fourteen years may contract and be joined in marriage."

This means merely that an executed contract of marriage between persons of the age named shall be valid. It does not mean that an executory contract shall impose liability. To contract and be joined in marriage is one thing; to contract to marry is another. The one is executed and binding on all persons over the ages specified; the other is executory and may be avoided by an infant whether of the specified age or not.

Thus Kent says, *supra:* "We have seen that an infant of fourteen, if a male, and of twelve, if a female, may enter into a valid contract of marriage, but he is not liable on his executory contract to marry;" * * * and Parsons, 443: "We have now to consider first, contracts to marry, * * * and lastly, the contract of marriage."

The statute has made no change in the common law except to raise the age of consent. The judgment will be affirmed.

*Judgment affirmed.*